42UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WALTER WELLS,<br><br>Plaintiff,<br><br>v.<br><br>PAUL T. FOXGROVER, DOROTHY BROWN, as CLERK OF THE CIRCUIT COURT OF COOK COUNTY, COOK COUNTY CIRCUIT COURT,<br><br>Defendants. | 15cv1706<br>Judge Robert W. Gettleman<br>Magistrate Judge Sidney I. Schenkier<br><br>VERIFIED COMPLAINT<br><br><br>JURY DEMANDED |

## VERIFIED COMPLAINT

NOW COMES Plaintiff, Walter Wells, complaining against Defendants PAUL T. FOXGROVER, DOROTHY BROWN, as CLERK OF THE CIRCUIT COURT OF COOK COUNTY, and the COOK COUNTY CIRCUIT COURT. Plaintiff seeks damages resulting from the theft of his cash bond by former Judge PAUL T. FOXGROVER and the refusal of the Clerk of The Circuit Court to return his funds to him.

## JURISDICTION

Plaintiff Walter Wells is a citizen of the State of Illinois. Defendant COOK COUNTY CIRCUIT COURT is a business incorporated under the laws of the State of Illinois having principal place of business in the State of Illinois. The matter involves a federal question of law under 42 U.S.C. § 1983. Acts and omissions relevant to the matter complained of herein occurred in the Northern District of Illinois, falling within the jurisdiction of this court.

RECEIVED
FEB 2 5 2015 DC
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

## PARTIES

1. Plaintiff Walter Wells (hereinafter "Wells" or "Plaintiff") is a citizen of the state of Illinois.

2. Defendant PAUL T. FOXGROVER (hereinafter "FOXGROVER") is a former judge appointed to the bench of the CIRCUIT COURT OF COOK COUNTY the laws of the state of Illinois.

3. Defendant CIRCUIT COURT OF COOK COUNTY (hereinafter "COURT") is incorporated under the laws of the state of Illinois.

4. Defendant DOROTHY BROWN, as CLERK OF THE CIRCUIT COURT, is an individual acting in her official capacity

## STATEMENT OF FACTS

1. Plaintiff Walter Wells was arrested in 1988 and charged with a misdemeanor under Cook County Case No. 1-8844.

2. Wells posted 10% of $75,000 cash bond in the amount of $7500.00. The bond number issued was 04501886.

3. At trial, Plaintiff's case was heard by former COOK COUNTY CIRCUIT COURT judge Defendant PAUL T. FOXGROVER.

4. Plaintiff demanded a trial by jury and FOXGROVER denied Plaintiff's request to have his case heard before a jury.

5. Defendant Foxgrover further punished Wells by revoking his bond and holding him in the Cook County Jail to force Plaintiff to enter a plea of guilty.

6. Defendant Foxgrover refused Plaintiff's demand for jury trial on four occasions.

7. On June 18, 1989 Plaintiff entered a plea deal which allowed plaintiff to be released on time served.

8. Despite the entry of his plea deal, Plaintiff was not released from custody at Cook County Jail.

9. Plaintiff filed a motion to reverse the entry of the plea of guilty.

10. When Plaintiff Wells returned to Court, Defendant Foxgrover denied Wells' motion.

11. Wells later appealed to the Illinois Appellate Court.

12. Plaintiff Wells never violated any of the conditions of his bond.

13. Wells went to the Clerk of the Circuit Court to seek a refund of his bond.

14. At that time, Wells discovered that Defendant Foxgrover altered the record in the case to falsely reflect that Wells' bond was converted into a fine.

15. There was never any hearing, review or notice to Plaintiff that his funds were being converted into a "fine" nor was there any such applicable fine under the law to justify the actions of FOXGROVER.

16. Defendant Foxgrover was tried, found guilty and sentenced to six years in prison for theft, official misconduct and forgery for converting the property and money of defendants who appeared before him in court.

3

17. To this day, Dorothy Brown, Clerk of the Circuit Court continues to deny Wells a refund of his bond despite the actions of FOXGROVER in his case.

18. Plaintiff has sought refund of his bond from the Clerk of the Circuit Court and Defendants have denied Plaintiff restitution for his losses.

## COUNT I. CONVERSION
### (Against All Defendants)

19. Plaintiff incorporates and restates by reference all preceding paragraphs as if set forth fully herein.

20. Plaintiff deposited $7,500.00 with the Clerk of the Circuit Court.

21. Plaintiff's bond was refundable to him and was not eligible to be falsely converted into the personal holdings of FOXGROVER.

22. Defendant Foxgrover, as a former Cook County Circuit Judge, exercised substantial dominion and control over Plaintiff's funds.

23. Defendant Foxgrover intentionally interfered with Plaintiff's bond and altered the record to reflect that his bond deposit was converted into a fine.

24. Defendant Foxgrover's actions, under the cloud of official conduct, gave the false impression that Wells funds were not refundable to him after the disposition of the case.

25. Defendant Foxgrover's interference deprived the Plaintiff of the possession and use of his funds.

4

26. Defendant Foxgrover's interference caused damages to the Plaintiff, including but not limited to the loss of $7,500 posted as bond.

27. Because Defendant Foxgrover committed these actions under the employ of the COOK COUNTY CIRCUIT COURT, Defendant COURT is included as a Defendant in this count under Respondeat Superior Liability and should be held also liable for the actions of its employee.

28. Defendant Dorothy Brown, CLERK OF THE CIRCUIT COURT, was and is at all times relevant hereto responsible to oversee the responsible and lawful disposition of bond refunds to parties with rightful claims to refunds.

29. Defendants COOK COUNTY CIRCUIT COURT and Dortothy Brown, CLERK OF THE CIRCUIT COURT has refused to refund to WELLS the funds he deposited after they were found to be stolen by Defendant FOXGROVER.

30. Defendants CLERK OF THE CIRCUIT COURT and the CIRCUIT COURT OF COOK COUNTY have upheld, continued, and lingered the ongoing abuse of the unlawful conversion actions of Defendant FOXGROVER by failing and refusing to reconstitute Plaintiff for the theft of Plaintiff's funds.

WHEREFORE, Plaintiff Walter Wells respectfully moves this Honorable Court to enter a judgment against Defendants and in favor of Plaintiff for the unlawful conversion of his property in the amount of $26,000.00.

## COUNT II. 42 USC § 1983 CLAIM

### (Against All Defendants)

24. Plaintiff incorporates and restates by reference all preceding paragraphs as if set forth fully herein.

31. Upon the disposition of his case, Plaintiff was due a refund of his bond deposit of $7,500.00.
    *7,500.00* [handwritten]

32. Defendant FOXGROVER subjected WELLS to the loss of his personal property without lawful cause or due process.

33. Defendant FOXGROVER engaged in conduct that was arbitrary and conscience shocking to the rights of the public whom he was elected to serve.

34. Defendant FOXGROVER was subsequently jailed for stealing Plaintiff's bond and the bonds of numerous other Cook County litigants who appeared before him.

35. Defendant COOK COUNTY CIRCUIT COURT is included in this count under its Respondeat Superior liability.

36. Defendants COOK COUNTY CIRCUIT COURT, DOROTHY BROWN, and FOXGROVER have caused Plaintiff Wells to suffer the deprivation of his rights without cause or due process.

**WHEREFORE**, for the foregoing reasons, Plaintiff respectfully moves this Honorable Court enter a judgment in favor of Plaintiff and against Defendants PAUL T. FOXGROVER, COOK COUNTY CIRCUIT COURT and DOROTHY BROWN, and enter an award for damages against Defendants in the amount of $50,000.

## VERIFICATION BY CERTIFICATION

Under penalties as provided by law pursuant to 28 U.S.C. §1746, the undersigned certifies that I verify under penalty of perjury that the foregoing is true and correct.

Respectfully Submitted,

Executed on _____

*Walter Wells*
Walter Wells

Walter Wells, Plaintiff
6834 S. Rockwell Avenue
Chicago, Illinois 60629
(630) 306-7331

**Jury Demand: Plaintiff Demands Trial by Jury**

7